IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS UNION INSURANCE COMPANY, | ) ) ) | Case No. 1:99-CV-02320 |
| Plaintiff , | ) ) | Judge Ann Aldrich |
| v. | ) ) | Magistrate Judge Patricia A. Hemann |
| RCS FINANCIAL SERVICES, INC., et al., | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

Before the court is defendant/cross-claimant Robert C. Shefchuk's ("Shefchuk") unopposed motion for summary judgment on his cross-claim for declaratory relief against defendant James Savarino ("Savarino") [Docket No. 189]. For the following reasons, Shefchuk's motion is granted and judgment is entered for Shefchuk on the declaratory judgment cross-claim.

**I. Background**

This case concerns insurance coverage issues on professional liability insurance policies arising out of allegations and lawsuits over the conduct of Shefchuk and his son, Gregory Shefchuk, in the management of funds entrusted to their care for investment purposes. One of the individuals who entrusted funds to Shefchuk and his son was Savarino, who gave $30,000 to Shefchuk to be invested in a mutual fund sold through Money Concepts Capital Corporation ("Money Concepts"). In April 1997, Savarino gave the money, in cash, to Shefchuk, who in turn gave the money to Gregory Shefchuk. At this point, Shefchuk is unable to determine the whereabouts of Savarino's money.

In July 1999, Savarino sued Shefchuk and others in the Geauga County Court of Common Pleas for negligence and fraud, seeking the return of his money. While that case was dismissed in February 2000, Savarino re-filed the action in March 2000 in the same state court. That action was stayed in

August 2000, due to the bankruptcy petition of one of the defendants in that case, Shefchuk's former employer RCS Financial Services, Inc.

A number of cases in both state and federal court were filed over Shefchuk and his son's alleged actions, seeking the recovery of money invested with them. One of those cases was *Burke, et al. v. Money Concepts Financial Planning Centers, et al.*, 1:98-CV-2087, initially before this court but referred to Magistrate Judge Patricia Hemann for mediation and resolution. In that case, Magistrate Judge Hemann certified a class consisting of:

> All persons . . . who have or may have any existing or future claim(s) . . . against any of the Settling Defendants, Settling Parties or Released Entities . . . arising out of or by reason of or in any manner connected with the alleged neglect, theft, misappropriation, conversion, or unauthorized use or disposition of financial assets by the Settling Defendants, Settling Parties or Released Entities which were or were to be invested in any publicly-traded mutual fund . . . offered and sold by or through Money Concepts . . . .

Order of Final Settlement Class Certification, Final Approval of Class Action Settlement and Final Judgment of Dismissal [Docket No. 79, 1:98-CV-2087], at 2-3. Shefchuk is included in the definition of "Settling Parties" in the class action settlement.

Savarino was notified of the pending class action settlement, both by a notice package given to his counsel after an attempt to mail the notice package to him directly failed, and by publication in two local newspapers. He had the opportunity to object to the settlement or to opt out of the class. Savarino did neither.

## II. Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th

Cir. 2004). If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or when the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. As Savarino has not filed an opposition to Shefchuk's motion, this court will treat the motion as unopposed. N.D. OHIO CIV. R. 7.1(g).

The class action settlement in *Burke* was properly approved, because Magistrate Judge Hemann preliminarily approved the settlement, ensured that notice of the settlement was given to members of the class, held a fairness hearing to hear opposition, and gave final approval of the

-3-

settlement. *Williams v. Vukovich*, 720 F.2d 909, 920-21 (6th Cir. 1983). Because Magistrate Judge Hemann's order indicates that the representation of the class by the named members was adequate and the prosecution of the litigation was in the common interest, all class members are bound by the settlement decree. *Shults v. Champion Int'l Corp.*, 35 F.3d 1056, 1058 (6th Cir. 1994). That includes Savarino, who did not opt out of the action, though he was given the opportunity to do so under FED. R. CIV. P. 23(c)(2)(B). *Id.* at 1059. It also includes Savarino's claims regarding his $30,000 investment in state court, which clearly fall within those claims released by the class action settlement. Therefore, this court grants Shefchuk's motion for summary judgment and enters a declaratory judgment that any and all claims Savarino is pursuing, or may pursue, against Shefchuk regarding the $30,000 given to Shefchuk by Savarino are barred by the class action settlement in *Burke*.

### III. Conclusion

For the foregoing reasons, Shefchuk's motion for summary judgment [Docket No. 189] is granted and judgment in favor of Shefchuk is entered on his declaratory judgment cross-claim against Savarino.

This order is final and appealable.

IT IS SO ORDERED.

    /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 03, 2006**