UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS UNION INSURANCE COMPANY, | ) ) | Case No. 1:99-cv-02320 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | |
| RCS FINANCIAL SERVICES, INC., et al., | ) | |
| | ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |
| | ) | |

Before the court are the Estate of Gregory D. Shefchuk's (the "Estate") motion for partial summary judgment on its counterclaims against Illinois Union Insurance Company ("Illinois Union") [Doc. No. 212] and Illinois Union's cross-motion for partial summary judgment against the counterclaims of Estate [Doc. No. 216]. The counterclaim contains six counts. Both motions seek summary judgment only on Count I and Count II. Count I of the counterclaim seeks a declaration that Illinois Union has a duty to defend the Estate in several lawsuits and arbitrations brought against them by investment clients (the "Underlying Actions"). Count II of the counterclaim seeks damages resulting from Illinois Union's alleged breach of its contractual duty to defend the Underlying Actions. On September 7, 2001, this court granted summary judgment in favor of Illinois Union and against the Estate on these same counts (the "2001 Opinion"). On August 17, 2004, however, the Sixth Circuit remanded the case for further proceedings.

## I.  FACTS AND PROCEDURAL HISTORY

The facts of this case have remained unchanged since the case was last before this court in 2002.  Nonetheless, a significant procedural history has developed in the intervening years.

### A.  Background

Robert and Gregory Shefchuk, father and son, were employees of Money Concepts Capital Corp.  Robert was registered with the National Association of Securities Dealers ("NASD") as the representative of Money Concepts pursuant to the Securities Exchange Act of 1934.  He was also the designated principal of Money Concepts' Office of Supervisory Jurisdiction for the Northeast Ohio region pursuant to the rules of the NASD.  As a designated principal in Northeast Ohio, Robert was responsible for supervising all of Money Concepts' registered representatives in the region, including his son, Gregory.  While under this supervision, Gregory allegedly forged his clients' signatures on withdrawal forms for the purpose of illicitly transferring money out of their investment accounts.  Beginning in April 1998, clients began filing claims against Robert, Gregory, and Money Concepts, seeking recovery of the stolen funds.  In May 1998, Gregory killed himself.  All of these Underlying Actions were subsequently settled.

### B.  The Money Concepts Policy

Money Concepts was insured by Illinois Union under a professional liability policy.  Illinois Union issued policy no. CRL G1 8209573 (the "Money Concepts Policy") for a policy period of August 15, 1996 to August 15, 1997.  Money Concepts renewed the policy for the period of August 15, 1997 to August 15, 1998.  The Money Concepts Policy contains a Registered Representatives Endorsement, retroactively covering both Gregory and Robert as follows:

(1)    with respect to "wrongful acts" arising out of or in connection with their acts as investment advisers or "registered investment advisers," a retroactive date of August

-2-

15, 1995; and

(2)  with respect to other "wrongful acts" for which there is coverage under the policy, a retroactive date of August 15, 1991.

The Money Concepts Policy defines a "wrongful act" as:

> any negligent breach of duty, error, misstatement, misrepresentation, omission, "publication injury" or other negligent act done or attempted by an insured, or by any person for whose acts the insured is legally responsible.

The Money Concepts Policy also contains a duty to defend clause requiring Illinois Union

to defend Robert and Gregory as follows,

> as part of and subject to the applicable Limits of Liability hereunder, any "suit" brought against the insured because of a "wrongful" act to which this policy applies and which seeks "damages" which are payable under the terms of this policy, even if any of the allegations of the "suit" are groundless, false, or fraudulent.

The Money Concepts Policy contains several exclusion clauses. The relevant and enforceable

clauses are as follows:

1. *Dishonesty exclusion.* "We do not cover claims arising out of the insured gaining any

   personal profit or advantage to which the insured was not legally entitled."

2. *Illegality exclusion.* "We do not cover claims which arise out of a willful violation of any

   of the laws, orders, rules, or regulations of the United States, or any state . . . committed by

   or at the direction of an insured, or ratified by an insured."

3. *Prior occurrence exclusion.* "[T]here is no coverage under this policy for any claim arising

   out of . . . any incident or fact situation which occurred prior to the effective date of the

   policy, which is known to an insured, and which may reasonably be expected to result in a

   claim or suit against an insured."

C.      **Procedural History**

On September 7, 2001, this court granted summary judgment in part in favor of Robert, finding that Illinois Union had a duty to defend him in all but three Underlying Actions.[1]  This court also granted summary judgment in part in favor of Illinois Union, finding that Illinois Union had no duty to defend the Estate in any of the Underlying Actions.  Specifically, this court found as follows:

> It is undisputed that Gregory Shefchuk intentionally defrauded his clients through forged withdrawal slips and fraudulent account reports, thereby stealing funds which were not legally his. Because claims against the Estate arise out of Gregory Shefchuk gaining a "personal profit or advantage to which [he] was not legally entitled," Illinois Union had no duty under the Money Concepts Policy to defend the Estate against claims arising out of Gregory Shefchuk's conduct.
>
> Illinois Union also had no duty to defend the Estate in those Underlying Actions which include a claim for negligence against the Estate.  Under Ohio law, an insurer has no duty to defend a negligence claim where that negligence claim arises out of an act that is subject to a policy exclusion.  Thus, even where the Underlying Action is based upon negligence, the claim is dependent upon Gregory Shefchuk's excluded acts of unlawful personal profit, and Illinois Union has no duty to defend the Estate in these Underlying Actions.

The Estate filed a notice of appeal to the Sixth Circuit on June 19, 2002.

In an unpublished opinion decided on August 17, 2004, the Sixth Circuit disagreed with this court's conclusion with regard to Illinois Union's duty to defend Gregory.  The Sixth Circuit found as follows:

> In taking the allegations of the complaints filed against the estate as fact and determining whether coverage existed based on those facts, the district court technically failed to follow the requirement under Ohio law that the claims be

---

[1]

This court found that Illinois Union had a duty to defend Robert in all actions except *Giles, et al. v. Money Concepts Capital Corp., et al.,* Case No. 99M115 (Geauga County Ct. Comm. Pl.); *Richards, et al. v. Pioneer Investments, et al.,* Case No. 99CV655 (Lake County Ct. Comm. Pl.); and *Savarino v. Shefchuk,* Case No. 99P528 (Geauga County Ct. Comm. Pl.).  The Sixth Circuit later determined that Illinois Union had a duty to defend him in all Underlying Actions except *Giles* and *Richards.* *Illinois Union Ins. Co. v. Shefchuk*, 108 Fed. App'x 294, 305-06 (6th Cir. Aug. 17, 2004).

-4-

reviewed to determine whether there was any set of facts in the complaint that could possibly have led to a finding of coverage.  *See Cole v. Am. Indus. & Res. Corp.*, 715 N.E.2d 1179, 1184 (Ohio Ct. App. 1998) ("This test provides that if there is no set of facts alleged in the complaint against an insured which, if proven true, would result in the insurance company's duty to pay damages, then the insurance company need not provide a defense.")  As a result, we would be justified in remanding to the district court for individualized findings.  However, at oral argument of this appeal, counsel for the estate, when asked which of the underlying actions should have survived summary judgment, was unable to give a satisfactory answer, responding, "Perhaps the Meyers' case."   Under these circumstances, we decline to order additional review.

CONCLUSION

For the reasons set out above, we conclude that the district court's judgment should be AFFIRMED in all respects except with regard to the ruling on Illinois Union's obligation to defend in the underlying action filed against Robert Shefchuk by James Savarino. As to that portion of the district court's decision, the judgment is REVERSED and the case is REMANDED for further proceedings in conformity with this opinion.

In a Motion for Panel Rehearing, the Estate argued that it made no concession at oral argument concerning which Underlying Actions should have survived summary judgment.  On November 30, 2005, the Sixth Circuit, through its clerk and upon order of the court, entered an order stating that the Motion for Panel Rehearing was denied, but also stating that "[t]he opinion is also amended by deleting the last two sentences before the section titled 'Conclusion.'" [Doc. No.  190].

On November 30, 2005, the Estate filed a motion for reconsideration, arguing that the Sixth Circuit's amendment produced contradictory instructions to this court.  The body, as amended, states that this court erred in assuming that the allegations made against Gregory were true and instructs this court to determine whether there was any set of facts in the complaint that could possibly led to a finding of coverage.  The conclusion, however, seems to affirm the district court's decision that Illinois Union had no duty to defend Gregory.  On October 5, 2006, the Clerk of the Sixth Circuit entered the following order:

> Upon consideration of the Motion and the response of the Appellee and opposition thereto, we hereby REMAND Case No. 02-3714 to the district court so that it may state on the record that there is no possibility of recovery under the claims made by the Estate and, therefore, no duty to defend.  IT IS SO ORDERED.

[Doc. No. 197].  This order has only added to the confusion.  The Estate argues that this order, in conjunction with the other orders from the Sixth Circuit, does not preclude a finding in favor of Gregory.  After all, the Sixth Circuit's order states that the case is remanded "to the district court so that it *may* state on the record that there is no possibility of recovery under the claims made by the Estate and, therefore, no duty to defend" (emphasis added).  Illinois Union, however, argues that the Sixth Circuit has clearly affirmed the outcome of this court's analysis in the 2001 Opinion, but has remanded the case so that this court may comply with the technical formalities required by Ohio law.

This court must conclude that the Sixth Circuit erred when it amended the body of its August 17, 2004 opinion without amending the opinion's conclusion.  Therefore, this court will review the claims made in the Underlying Actions to determine whether there is any set of facts in those complaints that could possibly have led to a finding of coverage for Gregory.  Accordingly, this court is free to determine that Illinois Union either did or did not have a duty to defend Gregory.

## II.    STANDARDS

### A.    Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451

(6th Cir. 2004).  If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e)(2):

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial.

FED. R. CIV. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position.  *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this court must view all of the evidence in the light most favorable to the nonmoving party.  *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004);  *Williams v. Int'l Paper Co.,* 227 F.3d 706, 710 (6th Cir. 2000).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson,* 477 U.S. at 248.  An issue is "genuine" if the evidence is such that a reasonable juror "could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law."  *Id.* at 252.

### B.    Ohio Law Regarding the Duty to Defend

The duty to defend under Ohio law was succinctly stated by the Sixth Circuit in this case as follows.

> Under [Ohio] law, "the test of the duty of an insurance company . . . to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured," *Motorists Mutual Ins. Co. v. Trainor*, 294 N.E.2d 874, 875 (Ohio 1973) (syllabus), even though the "'scope of the allegations' may encompass matters well outside the four corners of the pleadings." *City of Willoughby Hills v. Cincinnati Ins. Co.*, 459 N.E.2d 555, 558 (Ohio 1984).  Thus, a court deciding whether an underlying action is covered by an insurance policy is required to

determine, by looking at the scope of the allegations, whether they "state a claim which is potentially or arguably within the policy coverage." *Id.* In other words, the duty to defend is linked to the duty to indemnify, and the duty to defend arises only when the allegations potentially state a claim that is within the policy's coverage. This interpretation is supported by the language of the policy at hand, in which the duty to defend is limited to suits which "seek [ ] 'damages' which are payable under the terms of this policy."

If the duty to defend arises only when the allegations potentially state a claim that is within the policy's coverage, it follows that there is no duty to defend when there is no possibility that the insurance company will have to pay damages. The question thus becomes whether, in the underlying actions at issue, there was a potential that the insurance company would have to pay damages. If there was such a possibility, then the allegations stated a claim that was potentially within the policy's coverage; if there was no such possibility, the allegations did not state a claim potentially within the policy's coverage and there was no duty to defend.

*Shefchuk*, 108 Fed. App'x  at 304.

## III.    UNDERLYING ACTIONS INVOLVING GREGORY SHEFCHUK

Illinois Union and the Estate have cited numerous cases that might guide this court in applying the foregoing principles to the Underlying Actions against Gregory.  This court, howeve, finds it more instructive to look to its 2001 Opinion and the Sixth Circuit's partial affirmation of that order with respect to claims against Robert.  Illinois Union argues that this court should not afford Robert and Gregory similar treatment with regard to the allegations made against them in the Underlying Actions, as it is now believed that Gregory was the true culprit.  Nonetheless, this court was instructed by the Sixth Circuit that it must not assume that the allegations made against Gregory are true.  Applying the foregoing principles and precedent of the Sixth Circuit in this case to the Underlying Actions, this court holds that Illinois Union had a duty to defend Gregory in all but three of the Underlying Actions.

A.      **Cases Alleging Wrongdoing by Gregory Shefchuk or Alleging Negligence That Arises Out of His Wrongdoing**

In this first category of Underlying Actions, the plaintiffs allege that Gregory himself committed intentional torts.  Illinois Union has no duty to defend such actions.  In the 2001 Opinion, this court analyzed claims made against Robert in *Giles, et al. v. Money Concepts Capital Corp., et al.*, Case No. 99M115 (Geauga County Ct. Comm. Pl.), and found as follows:

> In [*Giles*], for instance, the only allegation involving [Robert] Shefchuk is that he forged the plaintiff's indorsement on a check and presented it for payment, and that he converted the proceeds of the payment to his own use.  Under the second sentence of the dishonesty clause, coverage is excluded on such claims.

This court's exclusion of coverage for Robert in *Giles* in the 2001 Opinion was affirmed by the Sixth Circuit.  *See Shefchuk*, 108 Fed. App'x at 306.  The following claims against Gregory are analogous to those made against Robert in *Giles*, and therefore, Illinois Union had a duty to defend against them.

1.      *Giles*

In *Giles, et al. v. Money Concepts Capital Corp., et al.*, Case No. 98M115 (Geauga County Ct. Comm. Pl.), the only claim against Gregory is for forgery and conversion.  The allegation reads as follows:

> 37) Defendants RCS, Gregory Shefchuk and Robert Shefchuk wrongfully converted Plaintiffs' funds by forging Plaintiffs endorsements on check and utilizing the funds for their own purposes.
>
> 38) As a direct result of Defendants RCS, Gregory Shefchuk and Robert Shefchuk's wrongful conversion, Plaintiffs were damaged.

No separate claims of negligence were alleged in the complaint.  This complaint, therefore, is excluded from the possibility of coverage by the enforceable portion of the dishonesty exclusion clause.

      2.     *Heiden*

In *Heiden v. Colonial Mutual Funds, et al.*, Case No. 361094 (Cuyahoga County Ct. Comm. Pl.), only one count against Gregory was pled, alleging as follows:

> 12. Plaintiff states that the actions of Gregory Shefchuck [sic] in allegedly forging Plaintiff's signature constituted fraud and deceit against Plaintiff.

> 13. As a result of Gregory Shefchuck's [sic] fraudulent actions Plaintiff has been damaged in the sum of $34,823.34, plus interest, costs and attorney fees.

No separate claims of negligence were alleged in the complaint.  This complaint, therefore, is also excluded from the possibility of coverage by the enforceable portion of the dishonesty exclusion clause.

      3.     *Richards*

In *Richards, et al. v. Pioneer Investments, et al.*, Case No. 99CV655 (Lake County Ct. Comm. Pl.), an action in which Gregory was not a defendant, it is alleged that the defendants' agents or representatives "provided periodic statements to Plaintiffs which falsely and fraudulently misrepresented the detail, value and status of Plaintiffs' investments."  A third-party complaint filed by American Skandia against Gregory alleged as follows:

> 64. At all times relevant herein, American Skandia reasonably relied on the allegedly fraudulent withdrawal instructions submitted to it by Robert Shefchuk, Gregory Shefchuk, RCS and/or Money Concepts.

> 65. In the event American Skandia is found liable to the plaintiffs, American Skandia is entitled to indemnification and/or contribution as a result of the fraud and misrepresentation of Robert Shefchuk, the Estate of Gregory Shefchuk and/or Money Concepts.

-10-

No separate claims of negligence were alleged in the complaint and the only alleged act of "fraud and misrepresentation" is Gregory's submission of fraudulent withdrawal instructions.  This complaint, therefore, is also excluded from the possibility of coverage by the enforceable portion of the dishonesty exclusion clause.

### B.   Cases in Which It Is Unclear Whether the Plaintiff is Alleging Negligence or Intentional Wrongdoing on the Part of Gregory Shefchuk

In the second category of Underlying Actions, the plaintiffs make allegations against Gregory that may sound either in negligence or intentional tort.  Such complaints are arguably within the coverage of the Money Concepts Policy, and therefore, Illinois Union had a duty to defend Gregory against them.

In the 2001 Opinion, this court analyzed claims made against Robert in *George v. American Skandia Life Assurance Corp.*, Case No. 98VH34 (Chardon Mun. Ct.), and found as follows:

> In [*George*], Robert Shefchuk was impleaded by American Skandia, which sought indemnification from him and others.  The claim is that American Skandia is entitled to indemnification "as a result of the fraud and misrepresentation of Robert Shefchuk, Gregory Shefchuk and/or Money Concepts."  On the one hand, the complaint alleges fraud *and* misrepresentation.  *Carpenter v. Scherer-Mountain Ins. Agency*, 135 Ohio App.3d 316, 327-28, 733 N.E.2d 1196, 1204 (1999), *appeal dismissed*, 88 Ohio St.3d 1424, 723 N.E.2d 1113 (2000).  American Skandia's third-party complaint does not plead any fraudulent act or representation with the particularity required by Ohio R. Civ. P. 9(B); the only allegation on which the fraud allegation could rest is the allegation in ¶22 that the withdrawal instructions received by American Skandia bore the plaintiff's signature, guaranteed by Money Concepts. But, as noted above, the guarantee of a forged signature may be merely negligent. Therefore, the Court finds that the possibility of coverage is not excluded by allegations of the complaint in *George* and other cases in this category of Underlying Actions.

This court's finding of coverage for Robert in *George* in the 2001 Opinion was affirmed by the Sixth Circuit.  *See Shefchuk*, 108 Fed. App'x at 306.  The following claim against Gregory is analogous to that made against Robert in *George*, and therefore, Illinois Union had a duty to defend against it.

-11-

In *George,* American Skandia claims to be entitled to indemnification "as a result of fraud and misrepresentation of Robert Shefchuk, Gregory Shefchuk, and/or Money Concepts." As this court found in its 2001 Opinion, American Skandia's complaint does not plead any fraudulent act or representation with the particularity required of Ohio R. Civ. P. 9(B). Because under Ohio law one may be liable for a merely negligent misrepresentation, Gregory could have been found to be merely negligent. Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

### C.    Cases Alleging Wrongful Acts and Negligence on the Part of Gregory Shefchuk Where the Negligence Does Not Necessarily Arise Out of His Wrongful Acts

In the last category of Underlying Actions, the plaintiffs state claims of intentional tort or other wrongful acts against Gregory, and also state claims of negligence that do not necessarily arise out of the claims of wrongful acts. These claims are analogous to those made against Robert in *Burke v. Money Concepts Fin. Planning Centers,* Case No. 1:98CV2087 (N.D. Ohio)*,* and *Meyer, et al. v. Shefchuk, et al.,*Case Nos. 96M879 (Geauga County Ct. Comm. Pl.). In the 2001 Opinion, this court analyzed the claims made against Robert in *Burke* as follows:

> [In *Burke*], for example, the plaintiffs allege that [Robert] Shefchuk aided and abetted in violations of several sections of the Advisors Act and related regulations and of fraud and other intentional torts. But they also allege that he negligently failed to supervise employees and failed to "recognize and act upon information demonstrating that other Defendants were acting improperly." Suppose that Shefchuk successfully defended the statutory and intentional tort claims. It could still be the case that he was liable for negligent failure to supervise. It is not inconceivable that coverage would exist on the negligence claim, and therefore, Illinois Union had a duty to defend him.

This court's finding of coverage for Robert in *Burke* in the 2001 Opinion was affirmed by the Sixth Circuit. *See Shefchuk*, 108 Fed. App'x at 306.

-12-

In *Meyer*, Robert was sued for fraud and misrepresentation, breach of fiduciary duty, breach of express and implied contract, and negligence.  The negligence claim reads as follows:

> Defendants have a duty to investigate and determine the financial sophistication, needs and goals of the Meyers and to recommend and invest only in securities which were suitable to their expressed and apparent needs and goals.  Defendants breached this duty to "know your customer" by investing in unsuitable, illiquid and high risk ventures which were totally inappropriate to the Meyers investment needs . . . . Defendants' actions did not meet the standard of care required of their profession under the circumstances.

This court found in the 2001 Opinion that the negligence claim did not necessarily arise out of the claims of wrongful acts and that Illinois Union had a duty to defend Robert.  The Sixth Circuit agreed, finding that it was "satisfied that however groundless this allegation might have turned out to be, it stated a claim for negligence that required Illinois Union to defend on insured's behalf." *Shefchuk*, 108 Fed. App'x at 305.  The following claims against Gregory are analogous to those made against Robert in *Burke* and *Meyer*, and therefore, Illinois Union had a duty to defend against them.

1.      *Allport*

In *Allport v. Money Concepts Capital Corp., et al.*, Case No. 371651 (Cuyahoga County Ct. Comm. Pl.), the claims against Gregory are for fraud and misrepresentation, conversion, negligence, and breach of fiduciary duty.  Count III of the complaint, entitled "Negligence," alleges as follows:

> 42. As Plaintiff's investment advisors, Gregory Shefchuk, Robert Shefchuk and the Money Concepts Defendants owed Plaintiff a duty to properly monitor her investments and funds, and to guard against improper transactions and defalcations.
>
> 43. Gregory Shefchuk, Robert Shefchuk and the Money Concepts Defendants negligently failed to monitor Plaintiff's accounts in order to see that they were properly maintained.

-13-

44.  As a result of the negligence of Gregory Shefchuk, Robert Shefchuk and the Money Concepts Defendants, Plaintiff has been damaged in an undetermined amount but believed to be not less than $261,287 plus lost investment opportunity on her money.

If Gregory had successfully defended the intentional tort claims, he could still have been held liable for his negligent failure to monitor Allport's accounts.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

2.     *Anderson*

In *Anderson, et al. v. American Skandia, et al.*, Case No. 98CV1194 (Lake County Ct. Comm. Pl.), the claims in the third-party complaint against Gregory include fraud and conversion. Nevertheless, Count IV also states a claim for negligence:

30. Defendants Emissary, American Skandia and Gregory D. Shefchuk were and are fiduciaries and, in that capacity, each owed a duty of loyalty and prudence to Plaintiffs.

31. Defendants breached that duty by either intentionally transferring to themselves funds from Plaintiffs' account, failing to make the alleged investments or negligently permitting others to wrongfully transfer funds from Plaintiffs' accounts.

32. As a direct and proximate result of Defendants' actions, Plaintiffs have been damaged in an amount in excess of Eighty Thousand Dollars and One Cent ($80,000.01).

If Gregory had successfully defended the intentional tort claims, he could still have been held liable for negligently permitting the true culprit to wrongfully transfer funds from the Plaintiffs' accounts. Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

3.     *Ashtabula County Residential Services Corporation ("ACRSC")*

In *Ashtabula County Residential Services Corp. v. RCS Financial Services, Inc., et al.*, 98CV673 (Lake County Ct. Comm. Pl.), the counts against Gregory include fraud and conversion.

-14-

Counts II and IV, however, state negligence claims that stand alone.  Count II reads as follows:

>12. Defendants, RCS Financial Services, Inc., PVF Financial Planning, Inc., Emissary Financial Group, Inc. and Gregory D. Shefchuk, were and are fiduciaries and, in that capacity, each owed a duty of loyalty and prudence to plaintiff.

>13. Defendants, PVF Financial Planning, Inc. and Gregory D. Shefchuk, breached that duty by either intentionally transferring to themselves funds from plaintiff's account, failing to make the alleged investments or negligently permitting others to wrongfully transfer funds from plaintiff's accounts.

>14. Defendants, RCS Financial Services, Inc., PVF Financial Planing, Inc., Emissary Financial Group, Inc. and/or Gregory D. Shefchuk, breached their fiduciary duty to plaintiff.

Count IV alleges as follows:

>21. As plaintiff's investment advisors, RCS Financial Services, Inc., PVF Financial Planning, Inc., Emissary Financial Group, Inc. and Gregory D. Shefchuk owed plaintiff a duty to properly monitor its investments and to watch for improper transactions.  Said defendants negligently failed to monitor plaintiff's accounts in order to see that they were properly maintained.

>22. As a result of said defendants' negligence, plaintiff has been damaged in an undetermined amount, but believed to be in excess of $80,000.00.

If Gregory had successfully defended the intentional tort claims, he could still have been held liable for negligently permitting the true culprit to wrongfully transfer funds from ACRSC's accounts or for negligently failing to monitor ACRSC's investments.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

>4.      *Barney*

In *Barney, et al. v. Bank One, N.A., et al.*, Case No. 98CV1378 (Lake County Ct. Comm. Pl.), Gregory was accused of fraudulently obtaining and converting a substantial portion of Barney's individual retirement account by forging instructions and improperly indorsing a check.  Count I, the only claim against Gregory, states as follows:

-15-

> 9. As a result of the fraud and/or conversion and/or negligence of Shefchuk along with Defendants Money Concepts and Bank One, N.A. as detailed hereinabove, Plaintiffs have been damaged in the amount necessary to restore Plaintiff Kevin M. Barney's IRA to the amount it would have been had the misappropriation not occurred, plus any interest penalties and any other charges imposed thereon.

If Gregory had successfully defended himself against the other allegations in the *Barney* complaint, he could still have been held liable for negligence.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

     5.     *Bevacqua*

In *In re Bevacqua v. Money Concepts Capital Corp.*, Case No. 98-04815 (NASD Arbitration), Gregory is alleged to have "forged Mr. Bevacqua's signature on a withdrawal request that he submitted to Rydex" and that "Money Concepts and Rydex knew or should have known that the withdrawal request submitted by Shefchuk was a forgery."  Nonetheless, the first cause of action for negligence is alleged "[a]gainst all respondents" as follows:

> 28. The acts and omissions as detailed in the above paragraphs (and fully incorporated herein) constitute negligence in that each respondent failed to utilized [sic] such care as a reasonable [and] prudent broker/dealer, investment advisor, mutual fund administrator or banker (respectively) would use under similar circumstances and which level of care was owed to their ultimate and fully disclosed customer, Mr. Bevacqua.

If Gregory had successfully defended himself against the intentional tort allegations in the *Bevacqua* complaint, he could still have been held liable for failing to exercise reasonable care.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

     6.     *Boyle*

In *Boyle, et al. v. RCS Financial Services, Inc., et al.*, Case No. 367401 (Cuyahoga County Ct. Comm. Pl.), the counts against Gregory include breach of fiduciary duty, fraud and intentional

-16-

misrepresentation, negligence/negligent supervision, conversion, and intentional infliction of emotional distress.  Count III, entitled "Breach of Fiduciary Duty," reads as follows:

> 19. DEFENDANTS, RCS, PVF, EMISSARY, and SHEFCHUK, were and are fiduciaries to the PLAINTIFFS.  In that capacity, each owed a duty of loyalty and prudence to PLAINTIFFS.
>
> 20. DEFENDANTS breached that duty by either intentionally transferring to themselves funds from PLAINTIFFS' accounts, failing to make the investments they allege were actually made, negligently permitting others to wrongfully transfer funds from PLAINTIFFS' accounts and/or negligently failing to supervise SHEFCHUK, its authorized agent.
>
> 21. DEFENDANTS breached their fiduciary duty to PLAINTIFFS.

If Gregory had successfully defended himself against the other allegations in the *Boyle* complaint, he could still have been held liable for negligently permitting others to wrongfully transfer funds from the plaintiffs' accounts.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

7.    *Bradford*

In *In re Bradford v. Money Concepts Capital Corp., et al.*, Case No. 98-04936 (NASD Arbitration), Gregory is alleged to have forged withdrawal requests and made unauthorized withdrawals from Bradford's accounts.  In addition, the first cause of action, entitled "Negligence," reads as follows:

> 28. The acts and omissions as detailed in the above paragraphs (and fully incorporated herein) constitute negligence in that each respondent failed to utilized [sic] such care as a reasonable [and] prudent broker/dealer, investment advisor, mutual fund administrator or banker (respectively) would use under similar circumstances, and which level of care was owed to their ultimate and fully disclosed customer, Mr. Bradford.

If Gregory had successfully defended himself against the other allegations in the *Bradford*

complaint, he could still have been held liable for failing to exercise reasonable care. Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

        8.     *Bradler*

In *Bradler, et al. v. American Skandia, et al.*, Case No. 98CV1303 (Lake County Ct. Comm. Pl.), Gregory is alleged to have forged signatures in order to make improper withdrawals and/or transfers and before converting those funds. Count XVII, however, alleges as follows:

> 102. Defendants Emissary, American Skandia and Gregory D. Shefchuk were and are fiduciaries and, in that capacity, each owed a duty of loyalty and prudence to Plaintiffs.

> 103. Defendants breached that duty by either intentionally transferring to themselves funds from Plaintiffs' account, failing to make the alleged investments or negligently permitting others to wrongfully transfer funds from Plaintiffs' accounts.

Moreover, Count XIX alleges as follows:

> 110. Defendants Gregory D. Shefchuk, Money Concepts, Emissary, Bank One and Shawmut Bank of Connecticut agreed to properly monitor the investments made by the Plaintiffs.

> 111. Defendants failure to properly monitor Plaintiffs' investments as well as failing to improper transactions [sic] constitutes a breach of that agreement.

If Gregory had successfully defended himself against the other allegations in the *Bradler* complaint, he could still have been held liable for negligently permitting others to wrongfully transfer funds from the plaintiffs' accounts or for failing to properly monitor the plaintiffs' investments. Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

9.      *Bukky*

In *Bukky, et al. v. RCS Financial Services, Inc.*, Case No. 98M519 (Geauga County Ct.

Comm. Pl.), Gregory is alleged to have committed fraud and conversion.  Count 1, entitled "Breach

of Fiduciary Duty," however, states as follows:

> 19. Plaintiffs hereby incorporate and restate all of the foregoing allegations set forth
> in paragraphs 1 through 18 of this Complaint as though fully rewritten herein at
> length and further state that RCS, MCC, Gregory Shefchuk and Robert Shefchuk at
> all times pertinent hereto were authorized to act as plaintiffs' agents and therefore
> said defendants owed plaintiffs a fiduciary obligation of loyalty, honesty and
> fairness.
> 20.  RCS, MCC, Gregory Shefchuk and Robert Shefchuk either intentionally
> transferred funds from plaintiffs' accounts or failed to make the alleged investments,
> or negligently permitted others to wrongfully transfer funds from plaintiffs' accounts
> without plaintiffs' knowledge or consent.
>
> 21. RCS, MCC, Gregory Shefchuk and/or Robert Shefchuk breached their fiduciary
> duties to plaintiffs.

Count 5 also states as follows:

> 38. Plaintiffs hereby incorporate and restate all of the foregoing allegations set forth
> in paragraphs 1 through 37 of this Complaint as though fully rewritten herein at
> length and further state that defendants RCS, Gregory Shefchuk and Robert
> Shefchuk, as plaintiffs' investment advisors, and defendant MCC, as broker-dealer
> of plaintiffs' accounts, owed plaintiffs duties of care to properly monitor their
> investments for improper transactions.
>
> 39.  During the period of time that plaintiffs used the investment services of
> defendants RCS, MCC, Gregory Shefchuk and Robert Shefchuk, funds were
> wrongfully transferred from plaintiffs' accounts without plaintiffs' knowledge or
> consent.
>
> 40. Defendants RCS, MCC, Gregory Shefchuk and Robert Shefchuk were negligent
> by failing to properly monitor and maintain plaintiffs' investment accounts and guard
> against misappropriation.

If Gregory had successfully defended himself against the other allegations in the *Bukky* complaint, he could still have been held liable for negligently permitting others to wrongfully transfer funds from the plaintiffs' accounts or negligently failing to monitor and maintain the plaintiffs' investment accounts against misappropriation.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

          10.    *Frank Burke*

          In *Burke, et al. v. Money Concepts Financial Planning Centers, et al.*, Case No. 1:98CV2087 (N.D. Ohio), Gregory is accused of misappropriating the plaintiffs' funds.  Counts VI though VIII allege that Gregory and Robert aided and abetted violations of various sections of the Advisors Act.  Count X, however, alleged Gregory's breach of his fiduciary duty:

> 107.  Money Concepts Financial, Money Concepts Capital, Money Concepts International, Robert Shefchuk, Greg Shefchuk, Emissary, and PVF are/were fiduciaries which, in their capacity as fiduciaries each do/did owe a duty of loyalty and prudence to Burke and the Class of Plaintiffs described herein.

> 108.  By breaching their individual fiduciary duties, these Defendants intentionally transferred funds to themselves from Plaintiffs' accounts, and/or failed to make investments and transfers as allegedly claimed to have been made, and/or negligently permitted others to wrongfully transfer funds from the accounts of members of the Class of Plaintiffs described herein.

> 109.  Defendants listed above have breached their fiduciary duty to the Class of Plaintiffs described herein.

Moreover, Count XII, entitled "Negligence," states as follows:

> 118.  Defendants each owe and did owe a duty of reasonable care and prudence to the Class of Plaintiffs described herein.

> 119.  Each defendant breached its duty of ordinary care to the Class of Plaintiffs through their various acts and omissions, and the acts and omissions of their agents and/or employees, including, but not limited to:

A. Failing to properly supervise those employees responsible for the misappropriations and thefts of Class members' funds;

B. Failing to recognize and act upon information demonstrating that other Defendants were acting improperly with the funds and investments of the members of the Class of Plaintiffs;

. . .

F. Failing to properly monitor the investments and transactions of the individual Class members's accounts, in order to regulate and prevent improper transactions; and

G. Failing to properly monitor the investments and transactions of the individual Class member's accounts, in order to ensure that the accounts were properly maintained, and that investment decisions were fully executed.

If Gregory had successfully defended himself against the other allegations in the *Frank Burke* complaint, he could still have been held liable for negligently permitting others to wrongfully transfer funds from the plaintiffs' accounts, negligently failing to supervise those employees responsible for the misappropriations, negligently failing to recognize and act upon information, or negligently failing to monitor and maintain the plaintiffs' investment accounts.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

11.   *Raymond Burke*

In *In re Burke v. Money Concepts Capital Corp., et al.*, Case No. 99-00202 (NASD Arbitration),  Gregory allegedly failed to open an account for Burke at American Skandia as promised, converted the funds that should have been invested, and created fictional quarterly statements showing the breakdown of the supposed investments, their performance, and the account

balance.  The first cause of action, entitled "Negligence," states as follows:

> 21. The acts and omissions as detailed in the above paragraphs (and fully incorporated herein) constitute negligence in that each respondent failed to utilized [sic] such care as a reasonable [and] prudent broker/dealer or banker (respectively) would use under similar circumstances, and which level of care was owed to their ultimate and fully disclosed customer, Mr. Burke.

If Gregory had successfully defended himself against the other allegations in the *Raymond Burke* complaint, he could still have been held liable for failing to exercise reasonable care.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

12.     *Ferry*

In *Ferry, et al. v. Money Concepts Financial Planning Centers, et al.*, Case No. 99CV1141 (N.D. Ohio), Gregory is alleged to have misappropriated funds in an effort to defraud or steal.  In addition, Gregory and Robert are accused of aiding and abetting violations of various provisions of the Advisors Act.  Count 14, however, alleges a cause of action for negligence:

> 87. Defendants each owe and did owe a duty of reasonable care and prudence to the Plaintiffs described herein.

> 88. Each defendant breached its duty of ordinary care to the Plaintiffs through their various acts and omissions, including, but not limited to:

> A. Failing to properly supervise franchisees, licensees, registered representatives, and others responsible for the thefts of Plaintiffs' funds;

> B. Failing to recognize and act upon information demonstrating that other Defendants were acting improperly with the funds and investments of the Plaintiffs;

> . . .

D. Failing to properly monitor the investments and transactions of the individual Plaintiffs' moneys, in order to regulate and prevent improper transactions; and

E. Failing to properly monitor the investments and transactions of the individual Plaintiffs' moneys, in order to ensure that the accounts were properly maintained.

If Gregory had successfully defended himself against the other allegations in the *Ferry* complaint, he could still have been held liable for negligently permitting others to wrongfully transfer funds from the plaintiffs' accounts, negligently failing to supervise those employees responsible for the misappropriations, negligently failing to recognize and act upon information, or negligently failing to monitor and maintain the plaintiffs' investment accounts. Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

13.    *Meyer*

In *Meyer, et al. v. Shefchuk, et al.*, Case No. 96M879 (Geauga County Ct. Comm. Pl.), Gregory is alleged to have "continuously misrepresented" the value of the plaintiffs' portfolio in a fraudulent manner. The fourth cause of action, however, also states a claim for negligence as follows:

28. Defendants had a duty to investigate and determine the financial sophistication, needs and goals of the Meyers and to recommend and invest only in securities which were suitable to their expressed apparent needs and goals. Defendants breached this duty to "know your customer" by investing in unsuitable, illiquid and high risk ventures which were totally inappropriate to the Meyers [sic] investment needs. Defendants' actions did not meet the standard of care required of their profession under the circumstances."

If Gregory had successfully defended himself against the other allegations in the *Meyer* complaint, he could still have been held liable for negligently investing in unsuitable investments.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

     14.     *Toth*

In *Toth, et al. v. RCS Financial Services, Inc., et al.*, Case No. 98CV461 (Lake County Ct. Comm. Pl.), Gregory is alleged to have committed forgery and theft.  Nonetheless, in Count I, entitled "Negligence," the plaintiffs allege as follows:

> 63. Defendants owed a duty of reasonable care and prudence to Plaintiffs and the Class.

> 64. Each Defendant breached its duty of reasonable care to the Plaintiffs and the Class, through their various acts and omissions, including, but not limited to the following:

> A. Failing to properly supervise those employees responsible for the thefts of the clients' funds.

> B. Failing to recognize and act upon information demonstrating that other Defendants were acting improperly with Class Member's [sic] assets.

> . . .

> F. Failing to properly monitor employees, representatives and agents in order to protect each Class Member's investments.

> G. Failing to implement procedures designed to protect the Class Members from theft and to ensure that each Member's accounts investment decisions [sic] were fully executed.

Count III also alleges a "Breach of Fiduciary Duty" as follows:

>    68. RCS, Money Concepts, Robert Shefchuk and Gregory were, at all relevant times, functioning as fiduciaries and, in that capacity, each owed a duty of loyalty and prudence to Plaintiffs and the Class.

>    69. In breach of that fiduciary duty, Gregory Shefchuk, Money Concepts, Robert Shefchuk and RCS either intentionally transferred assets to themselves from Plaintiffs' accounts, or failed to make the alleged investments or negligently permitted others to wrongfully transfer funds from the Class Members' Accounts.

>    70. Gregory Shefchuk, Money Concepts, Robert Shefchuk and RCS breached their fiduciary duty to the Class.

If Gregory had successfully defended himself against the other allegations in the *Toth* complaint, he could still have been held liable for negligently permitting others to wrongfully transfer funds from the plaintiffs' accounts, negligently failing to supervise those employees responsible for the misappropriations, negligently failing to recognize and act upon information, negligently failing to implement protective procedures, or negligently failing to monitor and maintain the plaintiffs' investment accounts.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

>    15.    *Williams*

In *In re Williams v. Money Concepts Capital Corp., et al.*, Case No. 98-4169 (NASD Arbitration), Gregory is alleged to have committed forgery and perpetrated "a systematic, unauthorized, plundering of Ms. Williams' accounts at American Skandia."  The complaint's first cause of action, entitled "Negligence," is levied "[a]gainst all respondents," and reads as follows:

>    30. The acts and omissions as detailed in the above paragraphs (and fully incorporated herein) constitute negligence in that each Respondent failed to utilize

such care as a reasonable and prudent broker-dealer, investment advisor or mutual fund administrator (respectively) would use under similar circumstances, and which level of care was owed to their ultimate and fully disclosed customer, Ms. Williams.

If Gregory had successfully defended himself against the other allegations in the *Williams* complaint, he could still have been held liable for failing to exercise reasonable care.  Under this set of facts, coverage could exist on the negligence claim, and therefore, Illinois Union had a duty to defend Gregory.

## IV.  ILLINOIS UNION'S ARGUMENTS

Illinois Union makes two general arguments throughout its filings as to why it has no duty to defend the Estate in any of the Underlying Actions.  First, Illinois Union argues that this court should interpret the counts of negligence against "all defendants" or "all respondents" as applying to all defendants except Gregory.  Consider, for example, the claim made in Count XVII in *Bradler:*

102. Defendants Emissary, American Skandia and Gregory D. Shefchuk were and are fiduciaries and, in that capacity, each owed a duty of loyalty and prudence to Plaintiffs.

103. Defendants breached that duty by either intentionally transferring to themselves funds from Plaintiffs' account, failing to make the alleged investments or negligently permitting others to wrongfully transfer funds from Plaintiffs' accounts.

Illinois Union argues that the allegations make it clear that it was Gregory who intentionally transferred funds to himself while the other defendants negligently permitted Gregory's wrongdoing.  Any other reading, Illinois Union argues, would be "nonsensical" because it would suggest that Gregory negligently permitted himself to wrongfully transfer funds from the plaintiffs' accounts.

-26-

Count XIX prompts a similar argument from Illinois Union.  Count XIX reads as follows:

110. Defendants Gregory D. Shefchuk, Money Concepts, Emissary, Bank One and Shawmut Bank of Connecticut agreed to properly monitor the investments made by the Plaintiffs.

111. Defendants failure to properly monitor Plaintiffs' investments as well as failing to improper transactions [sic] constitutes a breach of that agreement.

Again, Illinois union argues that it was Money Concepts, Emissary, Bank One and Shawmut Bank that failed to monitor improper transactions by Gregory.  Any other interpretation, Illinois Union suggests, would result in Gregory being liable for negligently monitoring the plaintiffs' investments against improper transactions made by himself.

This court disagrees with Illinois Union's interpretation.  This court found in its 2001 Opinion with respect to *George* that it is possible that Robert could be cleared on all allegations of wrongdoing and nevertheless be held liable for a separate act of negligence.  The Sixth Circuit agreed.  The Underlying Cases should be interpreted in a similar manner with respect to Gregory.

Illinois Union argues that the claims are excluded under the Money Concepts Policy's prior occurrence exclusion because they arise from an incidents or fact situations which occurred prior to the effective date of the policy.  This court, however, finds that the alleged acts of negligence are not excluded pursuant to the prior exclusion occurrence because the alleged acts of negligence did not necessarily arise from an incident or fact situation which occurred prior to the effective date of the policy.  To definitively state that they did would require this court to assume the allegations as fact, against the instructions of the Sixth Circuit.

**V.    CONCLUSION**

For the foregoing reasons, the Estate's motion for partial summary judgment [Doc. No. 212] is granted in part and denied in part, and Illinois Union's cross-motion for partial summary judgment [Doc. No. 216] is also granted in part and denied in part.  Illinois Union had a duty to defend all claims at issue here except *Giles*, *Heiden*, and *Richards.*

This order is final and appealable.

IT IS SO ORDERED.

   /s/ *Ann Aldrich*               

ANN ALDRICH

UNITED STATES DISTRICT JUDGE

**Dated: September 9, 2009**